NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR AYALA PLATERO, | No. 21-70641 |
| Petitioner, | Agency No. A200-704-983 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2022**
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,*** International Trade Judge.

Oscar Ayala Platero, a citizen of El Salvador, petitions for review of a Board

of Immigration Appeals (BIA) decision dismissing his appeal from the order of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We "review the BIA's denials of asylum, withholding of removal, and CAT relief for 'substantial evidence'" and will reverse only if the evidence *compels* a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). "[W]hen, as here, the BIA's 'phrasing seems in part to suggest that it did conduct an independent review of the record,' but the BIA's analysis on the relevant issues is confined to a 'simple statement of a conclusion,' we 'also look to the IJ's . . . decision as a guide to what lay behind the BIA's conclusion.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000)).

1. Ayala first argues that he established that his membership in a particular social group composed of "land owning Salvadorans" was or would be "at least one central reason" or "a reason" for the harm he suffered. The declarations that he cites do not support his argument because none addresses whether the gang targeted him because he was a landowner. At most, the declarations are ambiguous on this point, so they cannot *compel* a contrary conclusion. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Substantial evidence therefore supported the BIA's conclusion.

2. Ayala also contends that the BIA erred by failing to consider his claims

2

based on an alternate social group of "persons in El Salvador taking concrete steps to oppose gang membership and gang authority." The BIA ruled that Ayala waived this issue because he did not challenge the IJ's findings on appeal. The brief Ayala filed with the BIA raised only "status as a land-owning Salvadoran" as a particular social group. If a petitioner files a brief, "the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). The BIA was therefore entitled to conclude that Ayala waived the "oppose gang membership" theory.

3. Ayala also asserts that the BIA erred by denying his appeal without a hearing. On his notice of appeal, however, he checked the box saying he did not desire oral argument before the BIA. The BIA did not err in not holding a hearing when Ayala specifically declined to request one.

4. The BIA correctly found that Ayala did not meaningfully challenge the IJ's denial of CAT relief, so he waived that issue. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Neither Ayala's notice of appeal, nor his BIA appeal brief, addressed the CAT anywhere.

5. Finally, Ayala argues that the BIA was obligated to remand per a settlement agreement in *Mendez Rojas v. Wolf*, No. 2:16-cv-01024-RSM (W.D. Wash. July 28,

3

2020). The BIA declined to remand because the IJ's findings—which the Board affirmed—would preclude Ayala from establishing eligibility for asylum, such that even if the IJ had deemed his asylum application timely filed the outcome would not change. The cited IJ findings, in turn, included a conclusion that Ayala failed to demonstrate that the harm he suffered was on account of his membership in a particular social group. As discussed above, the BIA's conclusion on the "particular social group" issue was supported by substantial evidence. That, in turn, also means that the BIA's ruling that the result would not change on remand was correct. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (explaining that applicants for asylum or withholding of removal must demonstrate existence of particular social group, personal membership therein, and persecution on account of membership).

Ayala relies on *Velasquez-Martinez v. Garland*, 852 F. App'x 240 (9th Cir. 2021) (mem.), to argue that the BIA was obligated to remand. *Velasquez-Martinez* is not precedential and is also distinguishable. There, the BIA failed to address the petitioner's assertion of class membership and failed to address some evidence in the record. *Id.* at 241–43. Here, in contrast, the BIA did address the issue of *Mendez Rojas* class membership and considered the evidence.

**PETITION DENIED.**

4